UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

     v.                                                                           CR. No. 95-075-ML

GEORGE SEPULVEDA

## MEMORANDUM AND ORDER

This matter is before the Court on several post-conviction motions filed by Defendant, George Sepulveda ("Defendant"): (1) "motion for ineffective assistance of counsel and post conviction for rehabilitation, pursuant to 3553[,]" Docket #1156 (capitals omitted); (2) "motion to amend in light of Alleyne v. United States[,]" Docket #1160 (capitals omitted); (3) "motion to re-open motion 2255 in light of Alleyne v. United States[,]" Docket #1161 (capitals omitted); and (4) "motion for a polygraph test in support of re opened 2255[;]" Docket #1166 (capitals omitted).

## Analysis

In 1997, Defendant was convicted of racketeering, conspiracy to commit racketeering, commission of a violent crime, murder, in aid of racketeering, witness intimidation, and possession of a firearm by a convicted felon. See generally Sepulveda v. Smith, No. Civ. A. 05-138-ML, 2006 WL 162085 (D.R.I. Jan. 20, 2006). Defendant's conviction and sentence were affirmed on direct appeal. United States v. Lara, 181 F.3d 183 (1st Cir. 1999). Thereafter, Defendant moved for relief under 28 U.S.C. § 2255. This Court denied relief and the denial was

1

affirmed by the First Circuit.  Sepulveda v. United States, 330 F.3d 55 (1st Cir. 2003).

The First Circuit has twice since responded to Defendant's attempt to file a second or successive habeas corpus petition.  See United States v. Sepulveda, No. 13-1216 (1st Cir. April 1, 2013) (finding motion filed in the district court to be an unapproved successive § 2255 petition); Sepulveda v. United States, No. 10-1755 (1st Cir. July 1, 2010) (denying motion for leave to file second or successive motion pursuant to 28 U.S.C. § 2255).

The instant motions represent additions to the series of applications for post-conviction relief brought by Defendant.  Defendant once again seeks to vacate his conviction and sentence.  Defendant is well aware that a federal prisoner "must obtain certification from a court of appeals before presenting" a second or successive habeas petition.  Evans-Garcia v. United States, 744 F.3d 235, 237 (1st Cir. 2014).  Defendant did not seek permission from the Court of Appeals to file a subsequent 28 U.S.C. § 2255 motion, thus this Court lacks jurisdiction to consider Defendant's motions.  Pratt v. United States, 129 F.3d 54 (1st Cir. 1997).

Therefore, Defendant's motions are denied and dismissed for lack of jurisdiction.

SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
United States District Judge
November 21, 2014