UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | C.R. No. 95-75-01ML |
| : | |
| GEORGE SEPULVEDA : | |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

Defendant George Sepulveda, the former "Inca" (president) of the Providence Chapter of the Almighty Latin King Nation, is serving three concurrent life sentences, a concurrent twenty-year sentence and a concurrent ten-year sentence for firearms offenses, racketeering violations and violent crimes in aid of racketeering, including murder. His 1997 conviction and sentence were affirmed on direct appeal, United States v. Lara, 181 F.3d 183 (1st Cir. 1999), cert. denied sub nom., Sepulveda v. United States, 528 U.S. 1127 (2000), and the denial of his petition for writ of habeas corpus under 28 U.S.C. § 2255 was affirmed. Sepulveda v. United States, 330 F.3d 55 (1st Cir. 2003). Since this Court rejected his initial § 2255 petition, Defendant has repeatedly made filings amounting to "second or successive" § 2255 petitions, which he may not do without "certification from a circuit court." Evans-Garcia v. United States, 744 F.3d 235, 237 (1st Cir. 2014). Every salvo has been rejected by the First Circuit. See Sepulveda v. United States, No. 13-1326, Judgment (1st Cir. Apr. 1, 2013); United States v. Sepulveda, No. 13-1216, Judgment (1st Cir. Apr. 1, 2013); Sepulveda v. United States, No. 10-1755, Judgment (1st Cir. July 1, 2010); Sepulveda v. United States, No. 05-2336, Judgment (1st Cir. Sept. 22, 2005); Sepulveda v. United States, No. 05-2003, Judgment (1st Cir. July 22, 2005).

Sepulveda's most recent attempt – a flurry of motions filed in 2013 claiming ineffective assistance of counsel, seeking to amend or reopen his § 2255 in light of Alleyne v. United States, 133 S.Ct. 2151 (2013), and asking for a polygraph in support of the reopened § 2255 – was rejected by this Court on November 21, 2014, based on lack of jurisdiction to consider a subsequent § 2255 motion without permission from the Court of Appeals. 28 U.S.C. § 2253(c)(1)(B). After unsuccessful motions for reconsideration and to alter the judgment pursuant to Fed. R. Civ. P. 59(e), he appealed from the Memorandum and Order of November 21, 2014. In connection with this appeal, Sepulveda has filed a motion for leave to proceed on appeal *in forma pauperis* ("IFP") and for a certificate of appealability pursuant to 28 U.S.C. §§ 1915-2253(c) (ECF No. 1184). The motion has been referred to me for determination. Because I find that it should be denied, I am addressing it by report and recommendation. Keselica v. Wall, No. CA 07-224 ML, 2007 WL 2126518, at *1 (D.R.I. July 23, 2007) (denial of IFP motion is functional equivalent of dismissal, so that magistrate judge should issue a report and recommendation for a final decision by the district court).

**I.**     ***In Forma Pauperis* Motion**

Sepulveda's IFP motion is controlled by Fed. R. App. P. 24(a), which lays out the procedure in a habeas corpus appeal for seeking IFP status. The Rule requires that the applicant provide this Court with an affidavit that (i) demonstrates the party's inability to pay in the detail prescribed by Form 4 of the Appendix of Forms; (ii) claims an entitlement to redress; and (iii) states the issues that the party intends to present on appeal. Sepulveda did not comply with any of these requirements. For this reason alone, I cannot find him entitled to proceed IFP and recommend that his Motion be denied. Washington v. Wall, No. CA 03-444 S, 2014 WL 2781336, at *4 (D.R.I. June 19, 2014), aff'd, No. 14-1230, Judgment (1st Cir. Jan. 21, 2015).

The next – and in this case more serious – matter for consideration is Sepulveda's entitlement to redress and the issues he intends to present on appeal. Fed. R. App. P. 24(a)(1)(B)-(C). While his IFP motion suffers from the potentially-curable defect that he failed to lay out these matters in an affidavit as the Rule requires, it is also plain that this appeal is not taken in good faith because it is at least his sixth attempt to seek relief pursuant to § 2255. Put differently, the appeal is frivolous[1] because it is from the denial of a "second or successive petition," for which he has repeatedly been denied permission by the Circuit Court; because it rests on a frivolous appeal, his IFP motion must be denied. Austin v. Milyard, 485 F. App'x 914, 916 (10th Cir. 2012) (IFP status denied to habeas petitioner when claim is frivolous); cf. Rule 4 of the Rules Governing § 2255 Cases, 28 U.S.C. foll. § 2255 (district court must dismiss petition if it plainly appears there is no entitlement to relief).

## II. Certificate of Appealability

I also recommend that this Court deny Sepulveda's request for a certificate of appealability, which the district court must issue or deny when it enters a final order adverse to a habeas applicant. See Rule 11(a) of the Rules Governing § 2255 Cases, 28 U.S.C. foll. § 2255. Sepulveda has failed to make a substantial showing of the denial of a constitutional right, which is the predicate to issuance of a certificate of appealability. 28 U.S.C. § 2253(c)(2).

First, consistent with his past pattern of arguing that each new Supreme Court pronouncement has established a constitutional right of which he has been deprived,[2] two of the

---

[1] The appeal is also frivolous because Sepulveda has failed to make a substantial showing that he is raising the denial of a constitutional right, as a result of which I am recommending that he be denied a certificate of appealability, as discussed in the next section of this report and recommendation. Without a certificate of appealability, this appeal may not proceed. 28 U.S.C. § 2253(c)(1)(B).

[2] For example, in Sepulveda v. United States, 330 F.3d 55, 63 (1st Cir. 2003), he argued unsuccessfully that he could seek collateral review because he was denied rights established in Apprendi v. New Jersey, 530 U.S. 466 (2000). In Sepulveda v. United States, No. 10-1755, Judgment (1st Cir. July 1, 2010), he argued unsuccessfully that he could seek collateral review because he had been denied rights established in Presley v. Georgia, 130 S. Ct. 721 (2010). In

four motions denied by this Court are based on his new argument that he was denied rights recognized in 2013 in Alleyne v. United States, 133 S. Ct. 2151 (2013). This argument does not work – since Alleyne was decided, it has become well settled that it did not establish the type of bedrock rule of constitutional law that should be applied retroactively on collateral review. Butterworth v. United States, No. 14-1076, 2014 WL 7463311, at *7 (1st Cir. Jan. 5, 2015) (Alleyne is not retroactively applicable to collateral review on habeas petition); Hughes v. United States, 770 F.3d 814, 819 (9th Cir. 2014) (Supreme Court did not make Alleyne expressly retroactive, resulting in denial of application to file a second or successive § 2255 motion). Accordingly, Sepulveda's attempt to recast his collateral attack on his conviction as the deprivation of a right retroactively created by Alleyne is as unavailing as was his 2003 effort to do the same with Apprendi. Sepulveda, 330 F.3d at 63.

Apart from the Alleyne-based argument, the motions largely reprise the same arguments regarding the flaws in the indictment, jury instructions and verdict form that were addressed or could have been raised either during his direct appeal or in his initial habeas petition. The only arguably new one is the somewhat bizarre claim that he intended to seek Supreme Court review of his initial § 2255 denial, but his attorney mailed the petition to the wrong address. The motion lacks any coherent factual support for the claim – the only evidence submitted is Sepulveda's letter to the attorney asking her for an affidavit confirming the claim and asserting that he has a copy of a letter from her that would prove it. Despite this claim of a confirming letter, Sepulveda has failed to file anything more to support the motion. Nor does he explain what argument was presented in the never-filed appeal so that this Court can assess whether this error rendered her performance constitutionally deficient or whether it prejudiced him at all. Applying the standard

---

Sepulveda v. United States, No. 13-1326, Judgment (1st Cir. Apr. 1, 2013), he argued unsuccessfully that he could seek collateral review because he was denied rights established in Missouri v. Frye, 132 S. Ct. 1399 (2012) and Lafler v. Cooper, 132 S. Ct. 1376 (2012).

4

of Strickland v. Washington, 466 U.S. 668 (1984), the materials submitted with the motion simply do not establish a viable claim of ineffective assistance of counsel.

The final issue raised by the motions is Sepulveda's request for a polygraph in support of his motion to reopen his § 2255. The motion indicates that he wants to be asked whether he was guilty of the murder of Jose Mendez – essentially, he is seeking a redo of the trial in that he now wants to deny that he was involved with the murder that was a predicate act in the RICO count of which the jury found him guilty. Lara, 181 F.3d at 202-04 (evidence established that Sepulveda, as Latin King president, participated in meeting to plan the murder of Jose Mendez and congratulated the hit squad after it was done). To buttress this motion, he has supplied no facts establishing innocence and no new information suggesting that the trial was somehow tainted in any way. This motion does not raise the specter of a deprivation of a constitutional right and its denial does not merit a certificate of appealability.

Because the underlying motions fail to make a substantial showing of the denial of a constitutional right, I recommend that the certificate of appealability should be denied. United States v. Vargas, 393 F.3d 172, 174 (D.C. Cir. 2004) (refusal to issue certificate of appealability from denial of Rule 60(b) motion treated as second or successive § 2255 petition); Wyman v. United States, 62 F. App'x 364 (1st Cir. 2003) (claims were or could have been raised in first § 2255 petition; therefore, no certificate of appealability could be granted to appeal from the dismissal of those claims); Villalona v. United States, No. CA 03-527-ML, 2011 WL 4055409, at *2 (D.R.I. Sept. 12, 2011) (certificate of appealability denied for motion that constitutes a second and successive § 2255 motion).

### III.  Conclusion

For the foregoing reasons, I recommend that this Court certify that this appeal is not taken in good faith, that this Court determine that Sepulveda should be denied a certificate of appealability and that this Court deny his motion for leave to proceed IFP on appeal based both on his failure to comply with Fed. R. App. P. 24(a)(1) and on the frivolousness of his appeal.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party.  See Fed. R. Crim. P. 59(b); DRI LR Cr 57.2(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
January 29, 2015